**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY RIVERA, <br><br> Plaintiff, <br><br> - vs - <br><br> ROSENBERG & ASSOCIATES, LLC, <br><br> Defendant. | Civil Action No.: 1:15cv635 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Rosenberg & Associates, LLC ("R&A" or "Defendant"), by counsel, hereby removes this action from the Superior Court of the District of Columbia (the "State Court") to the United States District Court for the District of Columbia. Removal is proper as this Court has subject matter jurisdiction over the removed action, which implicates questions of federal law and satisfies the requirements for diversity jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1332.

**I.   BACKGROUND**

1. On or about April 7, 2015, Plaintiff Anthony Rivera ("Plaintiff") filed a Complaint against R&A on behalf of himself and others similarly situated in a class action captioned *Anthony Rivera v. Rosenberg & Associates, LLC*, Civil Action No. 2015 CA 0002417 (the "Removed Action"), before the State Court. True and correct copies of the Summons, Complaint and the State Court's Initial Order and Addendum are collectively attached hereto as Exhibit A. Plaintiff's claims appear to arise out of an alleged mortgage loan transaction.

2. On or about April 7, 2015, Defendant received a copy of the Summons and Complaint by private process server. A true and correct copy of the Service of Process Transmittal is attached hereto as Exhibit B.

3. Plaintiff's Complaint asserts the following causes of action:

   i. "COUNT ONE:  15 U.S.C. §1692 INDIVIDUAL CLAIM," (Comp. ¶¶ 41-44); and

   ii. "COUNT TWO:  15 U.S.C. §1692 CLASS CLAIM," (*Id*. ¶¶ 45- 49).

4. The Removed Action is styled as a "Class Action." It alleges both individual claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and class action claims on behalf of a purported class.

5. The purported class is defined as:

   Each DC resident who, within one year immediately preceding this civil action was (1) an owner-occupant of residential property in the District of Columbia that (2) received a letter from R&A (3) stating R&A is exercising its rights against the property (4) prior to R&A being appointed the substitute trustees.

(*See* Compl. ¶ 35.)

## II.    BASIS FOR REMOVAL

6. R&A denies the allegations in the Complaint, denies that Plaintiff states a claim for which relief may be granted, and denies that Plaintiff sustained legally recoverable damages. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed his Complaint in this Court pursuant to 28 U.S.C. §§ 1331 and 1332. Removal is therefore proper under 28 U.S.C. § 1441.

A.   **Federal Question Jurisdiction Exists under 28 U.S.C. § 1331**

7.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over the Removed Action because Plaintiff asserts claims involving questions that will require resolution of significant, disputed issues of federal law.

8.   Plaintiff alleges that R&A violated the FDCPA and seeks an award of damages available under the relevant federal statute, both on the basis of an individual claim and a class claim. To determine whether Plaintiff's claims are valid, the Court will necessarily have to decide whether R&A violated this statute. Accordingly, the outcome of this case depends upon substantial question of federal law and qualifies for federal question jurisdiction. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 303, 312 (2005) (federal question jurisdiction exists if resolution of claims depends on significant questions of federal law).

9.   Because Plaintiff's Complaint requires rulings on claims arising under a federal statute, the Court has federal question jurisdiction over Counts One and Two of the Complaint pursuant to 28 U.S.C. § 1331. Accordingly, the Removed Action is removable to this Court under 28 U.S.C. § 1441.

B.   **Diversity Jurisdiction Exists under 28 U.S.C. § 1332(a)**

10.   Furthermore, this Court has original jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Thus, the Removed Action may be removed to this Court pursuant to 28 U.S.C. § 1441.

11.   For the purpose of determining whether diversity jurisdiction exists, "a limited-liability company's citizenship is determined by the citizenship of its members." *Hoch v. Eli*

*Lilly & Co.*, 736 F. Supp. 2d 219, 220 (D.D.C. 2010) (citing *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 102 (D.D.C. 2008)).

12. Plaintiff alleges that he is a resident and citizen of the District of Columbia. (Compl. ¶ 2.) The proposed class members are also citizens and residents of the District of Columbia. (*See id.* ¶ 35.) R&A is, and at the time of the institution of this case was, a limited liability company organized and existing under the laws of the State of Maryland. *See* Affidavit of Diane Rosenberg attached hereto as Exhibit C. Furthermore, Diane Rosenberg, the only member of R&A, is a resident and citizen of the State of Maryland. Diversity of citizenship therefore exists in accordance with the requirements of 28 U.S.C. § 1332(a) because Plaintiff is a citizen of the District of Columbia and R&A is a citizen of the State of Maryland.

13. Section 1332(a) also requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interest and costs. When evaluating the existence of diversity in the class action context, "only the damages to which [the named plaintiff] would be personally entitled—rather than those on behalf of the public—will count toward satisfying the $75,000 jurisdictional threshold." *Zuckman v. Monster Beverage Corp.*, 958 F. Supp. 2d 293, 297-98 (D.D.C. 2013), *leave to appeal denied*, (Dec. 16, 2013) (citing *Breakman,* 545 F. Supp. 2d at 103-04).

14. "[I]t is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards,* 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Employees Ins. Co. v. Lally,* 327 F.2d 568, 569 (4th Cir. 1964)); *Patton v. Fifth Third Bank*, Case No. 2:05-0790, 2006 WL 771924, at *1 (S.D. W.Va. Mar. 24, 2006) (stating "the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case

as it stands at the time of removal"). When a plaintiff fails to make a specific monetary demand in its *ad damnun* clause, a district court should consider whether the complaint's allegations reflect a claim for damages in excess of the jurisdictional amount. *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D.W. Va. 1999). The district court may consider, among other things, the amount of "compensatory damages, punitive damages, and attorney fees" in determining whether the amount in controversy exceeds the statutory minimum. *Parker-Williams v. Charles Tini & Associates, Inc.*, No. CV 14-891 (JEB), 2014 WL 3278585, at *2 (D.D.C. July 9, 2014).

15. In his Complaint, Plaintiff prays for actual damages, statutory damages, approval of a $25,000 incentive award, as well as costs and attorneys' fees, as a result of R&A's alleged violations of the FDCPA. Plaintiff's purported actual damages arise from his alleged "out-of-pocket expenses, fear, embarrassment, humiliation, frustration, anger, headaches, sleeplessness, [and] severe emotional and mental distress." (Compl. ¶ 43.) Although Plaintiff fails to make a specific monetary demand for actual or statutory damages, the pecuniary result of a judgment against R&A would likely exceed the statutory threshold for the amount in controversy. Accordingly, this Court has diversity jurisdiction over the Removed Action pursuant to 28 U.S.C. § 1332(a), and it is therefore removable under 28 U.S.C. § 1441.

C. **Removal Is Timely**

16. Section 1446 of title 28 of the United States Code establishes the time frames and procedure for proper removal of an action.

17. Section 1446(b) sets forth, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

5

28 U.S.C. § 1446(b).

19. A copy of Plaintiff's initial pleading was served upon R&A on April 7, 2015, twenty days prior to the filing of this Notice of Removal.  (*See* Ex. B.)  Thus, the Notice of Removal has been timely filed.

### D.  All Procedures for Removal Have Been Followed

19. Plaintiff's Complaint, as well as the Summons and the State Court's Initial Order and Addendum (collectively attached as Exhibit A), constitute "all process, pleadings, and orders served" upon Defendant to date as required by 28 U.S.C. § 1446(a).

20. Pursuant to 28 U.S.C. § 1446(d), written notice of removal of this action has been served on Plaintiff, and a Notice of Filing of Removal to Federal Court is simultaneously being filed with the Clerk of the State Court.  A true copy of the Notice of Filing of Removal is attached hereto as Exhibit D.

WHEREFORE, Defendant Rosenberg & Associates, LLC, by counsel, hereby removes the above-referenced action now pending against it in the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

Dated: April 27, 2015                    Respectfully submitted,

/s/ J. Douglas Cuthbertson
J. Douglas Cuthbertson (D.C. Bar No. 479789)
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, VA 22314
Phone: (703) 684-8007
Fax: (703) 684-8075
Douglas.Cuthbertson@leclairryan.com
***Counsel for Rosenberg & Associates, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2015, I served a copy of the foregoing on the following counsel of record via electronic mail and U.S Mail:

>Anthony Rivera
>817 4th Street N.E.
>Washington, D.C. 20002

>/s/ J. Douglas Cuthbertson
>Counsel