

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Anthony Rivera_
_____
Plaintiff

vs.                                                    Case Number _____

**15 - 0 0 0 2 4 1 7**

_Rosenberg & Associates, LLC_
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Anthony Rivera_
_____
Name of Plaintiff's Attorney

_817 4th Street NE_
_____
Address
_Washington, DC 20002_

_202-544-0859_
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _1/7/15_

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011



EXHIBIT
**A**
_____



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                            Demandante

        contra

                                            Número de Caso: _____

_____
                                            Demandado

## CITATORIO

Al susodicho Demandado:

        Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

        A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                            *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

_____      Por: _____

Dirección                                                Subsecretario

_____

                                            Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화하십시오      የትርጉም እገዛ ከፈለጉ (202) 879-4828 ይደውሉ

        IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

        Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

                        Vea al dorso el original en inglés
                        See reverse side for English original

                                                                    CASUM.doc

IN THE SUPERIOR COURT OF THE DISTIRCT OF COLUMBIA

ANTHONY RIVERA                          )
817 4th Street Northeast                )
Washington, DC 20002                    )
                                        )
      *on behalf of himself and*        )
      *all others similarly situated*   )      Civil Action No. 15 - 0 0 0 2 6 1 7
                                        )
      Plaintiff,                        )
                                        )
v.                                      )
                                        )
ROSENBERG & ASSOCIATES, LLC             )
Serve: C T Corporation System           )
1015 15th Street Northwest              )
Washington, District of Columbia 20005  )
                                        )
      Defendant.                        )

RECEIVED
Civil Clerk's Office
APR 0 7 2015
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT AND JURY DEMAND
### (Class Action)

COMES NOW the Plaintiff, Anthony Rivera, and for his complaint against the Defendant Rosenberg & Associates, LLC ("R&A" or "Rosenberg") alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

### PARTIES

2.      The plaintiff is a natural person and resides in District of Columbia. He is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

3.      Defendant Rosenberg represents national mortgage companies in foreclosures, bankruptcies, REO settlements and evictions in Maryland, Virginia and the District of Columbia.

1

4.    Defendant Rosenberg regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6). Defendants moreover engage in "communication" as defined at 15 U.S.C. §1692a(2) by using one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

### FACTS

5.    In August 2001 Mr. Rivera obtained a mortgage loan from North American Mortgage Company ("NAMCO") to purchase 817 4th Street, Northeast, Washington DC ("Property"). A promissory note and deed of trust was executed by Mr. Rivera in exchange for the loan from NAMCO.

6.    Washington Mutual became the servicer of the mortgage loan shortly after the mortgage loan was originated.

7.    Prior to Washington Mutual ("WaMu") becoming the servicer NAMCO assigned its interest in the deed of trust to State Street Bank and Trust Company.

8.    Mr. Rivera made mortgage payments to WaMu from 2002 to 2009.

9.    JPMorgan Chase Bank, N.A. ("JMPC") claimed to have acquired the mortgage loan from WaMu.

10.    At some point in 2009 Mr. Rivera was arranging to make a payment to WaMu but was advised by JPMC or its agent Shapiro & Burson to make the payment to JPMC.

11.    Mr. Rivera agreed to pay JPMC once JPMC established it was the "holder" of the note.

12.    JPMC provided Mr. Rivera with a copy of a promissory note that was payable to NAMCO.

2

13.    The copy of the NAMCO promissory note was not endorsed to any specific entity nor was it endorse in blank.

14.    Under DC law Chase did not qualify as a holder of the promissory note because the promissory note was not endorsed to Chase or endorsed in blank.

15.    Chase was not legally entitled to enforce the promissory note because it was not the "holder" of the promissory note.

16.    Mr. Rivera had no legal obligation to pay Chase because Chase was not entitled to enforce the promissory note.

17.    Mr. Rivera advised Chase that he would not pay Chase unless Chase established that it was the "holder" of the promissory note.

18.    Instead of establishing itself as the "holder" Chase moved for an illegal foreclosure.

19.    Mr. Rivera filed a temporary restraining order contemporaneously with a complaint for wrongful foreclosure against Chase.

20.    The foreclosure was terminated and Mr. Rivera moved forward with his complaint.

21.    The complaint was eventually dismissed in April 2012 on the basis that no foreclosure occurred and subsequently there is no basis for a wrongful foreclosure action.

22.    The complaint was disposed of on a summary judgment motion filed by Chase.

23.    In Chase's summary judgment motion Chase admits that it is not in possession of the original promissory note and does not know the whereabouts of the promissory note.

24.    From May 2012 to April 2014 Mr. Rivera sent numerous letters to Chase in which he requested a certified copy of the Note.

3

25.    Chase did not respond to any of his letters except his letter dated April 2014.

26.    By letter dated April 17, 2014 Chase responded with a copy of the promissory note payable to NAMCO with no endorsements.

27.    On October 9, 2014 the Defendant Rosenberg sent Mr. Rivera correspondence threatening to foreclose.

28.    In its letter Rosenberg asserted the loan had been referred to it for foreclosure based upon a default on his mortgage payments and that "Rosenberg is ... exercising its rights against the property...". While Rosenberg identified Fannie Mae as the creditor and JPMC as the servicer, it was silent on who was the "holder" of the Note. Rosenberg further announced that Mr. Rivera owed $368,467.16 and with interest, late charges, and other fees the amount may increase. Continuing, Rosenberg implied payment should be made to it and that Rosenberg would deposit the payment for collection.

29.    On October 17, 2014 JPMC executed an Appointment of Substitute Trustees, which appointed several attorneys employed by R&A as substitute trustees.

30.    On October 9, 2014 when Rosenberg sent Mr. Rivera the correspondence JPMC had not appointed R&A as substitute trustees.

31.    Prior to October 17, 2014 Rosenberg had no colorable rights against the Property.

32.    Although Chase executed the Appointment of Substitute Trustees, Chase is not the assignee of the Deed of Trust or the payee of the promissory note. Therefore, the Appointment of Substitute Trustees was not executed by the lender or the holder of the promissory note.

33.    Rosenberg conferred no rights from the Appointment of Substitute Trustees.

4

34.    Rosenberg is not the trustee to the subject deed of trust and is without any legal right to conduct a foreclosure.

## CLASS ACTION ALLEGATIONS

35.    Proposed Class Definition: Each DC resident who, within one year immediately preceding this civil action was (1) an owner-occupant of residential property in the District of Columbia that (2) received a letter from R&A (3) stating R&A is exercising its rights against the property (4) prior to R&A being appointed the substitute trustees.

### *Numerosity*

36.    On information and belief, the Class is so numerous that joinder of all members is impracticable. The names and addresses of class members are identifiable through documents maintained by the Defendant, and the class members may be notified of the pendency of this action by published and/or mailed notice. Although the precise number of Class members is known only to Defendant, Defendant handles hundreds if not thousands of foreclosure cases for various mortgage lenders, and Plaintiff estimates that class size numbers in the hundreds, if not thousands.

### *Common Questions Of Law And Fact*

37.    The questions of law and fact common to the Plaintiff and the Class, includes:

    (a).    Whether a lawyer or law firm attempting to enforce a security interest in a deed of trust is a debt collector as that term is defined by the FDCPA;

    (b).    Whether a lawyer or law firm has rights or interest in a deed of trust prior to being appointed a trustee or substitute trustee of the deed of trust; and

5

(c).     Whether a misrepresentation of rights against a property is a violation of a provision of the FDCPA.

*Typicality*

38.     Mr. Rivera's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same cause of action.

*Adequacy Of Representation*

39.     The Plaintiff is an adequate representative of the class because his interests coincide with interests of the members of the class he seeks to represent; his counsel is competent and experienced in litigation; and they will prosecute this action vigorously. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

40.     Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually and effectively redress the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device

6

will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

## COUNT ONE: 15 U.S.C. §1692 INDIVIDUAL CLAIM

41.     Plaintiff realleges and incorporates paragraphs 1 through 40 above as if fully set out herein.

42.     Defendant violated 15 U.S.C. §1692 in one or more of the following ways, without limitation by:

        a.     Misrepresenting that it was duly appointed substitute trustee by an authorized party to the deed of trust or promissory note;

        b.     Falsely representing the legal status of the debt as being in foreclosure;

        c.     Falsely representing the amount of the debt owed to JPMC;

        d.     Failing to validate the debt pursuant to Plaintiff's specific dispute and request for verification; and

        e.     Threatening to dispose of the Property at a foreclosure sale.

43.     As a result of the conduct, actions and inactions of Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, fear, embarrassment, humiliation,  frustration, anger, headaches, sleeplessness, severe emotional and mental distress.

44.     Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

### COUNT TWO: 15 U.S.C. §1692 CLASS CLAIM

45.     Plaintiff realleges and incorporates paragraphs 1 through 44 above as if fully set out herein.

46.     Defendant violated 15 U.S.C. §1692 by misrepresenting it had rights against the Named Plaintiff and Class members' properties in its debt collection attempts before it was appointed the substitute trustee.

47.     Defendant violated 15 U.S.C. §1692 by misrepresenting in could began foreclosure on the Named Plaintiff and Class members' properties before it had become the substitute trustee.

48.     As a result of the conduct of the Defendant, Plaintiff suffered actual damages including humiliation and emotional distress.

49.     Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages to Plaintiff in an amount to be determined by the court pursuant to 15 U.S.C. §1692k(a)(1), liable for statutory damages to Plaintiff and Class members in an amount of $100 - $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

### JURY DEMAND

50.     Mr. Rivera demands a trial by jury on behalf of himself and the Class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor for the following:

(a) Certification of the proposed Class;
(b) Actual damages to Plaintiff;
(c) Statutory damages to Plaintiff and Class Members;
(d) Approval of a $25,000 incentive award for Plaintiff;
(e) Award costs and reasonable attorney's fees and costs; and
(f) Any such other relief the Court deems just, equitable and proper.

8

Respectfully submitted,

ANTHONY RIVERA

Anthony Rivera
817 4th Street, NE
Washington, DC 20002
Tel: (202) 528-4530
E-mail: arivera268@aol.com

*Pro Se Plaintiff*

9



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANTHONY RIVERA
   Vs.                           C.A. No.     2015 CA 002417 B
ROSENBERG & ASSOCIATES, LLC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date:  April 7, 2015
Initial Conference: 9:30 am, Friday, July 24, 2015
Location:  Courtroom 221
         500 Indiana Avenue N.W.
         WASHINGTON, DC  20001                         Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc