**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-0635 (ABJ) |
| ) | |
| ROSENBERG & ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Anthony Rivera brings this action against defendant Rosenberg & Associates, LLC, claiming that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, when it attempted to collect on plaintiff's mortgage debt and threatened foreclosure against plaintiff's property without having the legal authority to do so. Am. Compl. [Dkt. # 9]. Plaintiff also brings an FDCPA claim on behalf of a class of property-owning residents of the District of Columbia, challenging similar alleged misconduct by defendant. *Id.* ¶¶ 39, 50–51. Defendant moved to dismiss the complaint on the grounds that plaintiff lacks standing to bring his claims and further, that he has failed to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss Pl.'s 1st Am. Compl. [Dkt. # 10] ("Def.'s Mot."); Mem. of P. & A. in Supp. of Def.'s Mot. [Dkt. # 10-1] ("Def.'s Mem."). Because the Court finds that plaintiff lacks standing to challenge an assignment of interest to which he was not a party or a foreclosure that has not taken place, and because the amended complaint fails to state a plausible claim under the FDCPA in any event, the Court will grant defendant's motion and dismiss the case.

**BACKGROUND**

In August 2001, plaintiff obtained a mortgage loan from North American Mortgage Company ("NAMCO") to purchase a property located at 817 4th Street, NE, Washington, D.C. Am. Compl. ¶ 6. Plaintiff executed a promissory note and deed of trust in exchange for the loan from NAMCO.[1] *Id.* Soon after, NAMCO assigned its interest in the deed of trust to State Street Bank and Trust Company. *Id.* ¶ 8. After plaintiff received the loan from NAMCO, plaintiff states that Washington Mutual ("WaMu") became the servicer of the loan and that he made mortgage payments to WaMu from 2002 to 2009. *Id.* ¶¶ 7, 9.

Plaintiff alleges that at some unspecified time, JPMorgan Chase Bank, N.A. ("JPMC") claimed to have acquired WaMu's interest in plaintiff's mortgage loan. *Id.* ¶ 10. He states that at some point in 2009, he "was advised by JPMC, or its agent Shapiro & Burson, to make the [mortgage] payment to JPMC" instead of WaMu. *Id.* ¶ 11. Plaintiff notified JPMC that he would not make mortgage payments to JPMC unless it established that it was the proper "holder" of the promissory note, which he contends JPMC failed to do. *Id.* ¶¶ 12–18. He thus alleges that JPMC "was not legally entitled to enforce the promissory note because it was not the 'holder,'" and that he "had no legal obligation" to pay JPMC. *Id.* ¶¶ 16–17.

Plaintiff claims that, instead of responding to his request that it produce the promissory note or other documentation showing that it was the "holder" of the note, JPMC "initiated an illegal

---

1  Defendant attached the promissory note and deed of trust as exhibits to its motion to dismiss. Ex. A to Def.'s Mot. [Dkt. # 10-2] (promissory note); Ex. B to Def.'s Mot. [Dkt. # 10-3] (deed of trust). Because plaintiff incorporated these documents by reference in the amended complaint, *see* Am. Compl. ¶ 6, the Court may properly consider them in ruling on defendant's motion to dismiss. *See Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) ("In deciding whether to dismiss a claim under Rule 12(b)(6), the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

foreclosure procedure" to take control of the property. *Id.* ¶ 19. Plaintiff filed a temporary restraining order and a complaint for wrongful foreclosure against JPMC. *Id.* ¶ 20. He states that the foreclosure was terminated and the complaint was dismissed in April 2012 "on the basis that no foreclosure occurred and therefore no . . . cause of action existed for a wrongful foreclosure action." *Id.* ¶¶ 21–22; *see also* Ex. F to Def.'s Mot. [Dkt. # 10-7] (order granting JPMC's motion for summary judgment and dismissing plaintiff's wrongful foreclosure claims).[2]

Plaintiff states that from May 2012 to April 2014, he sent numerous letters to JPMC requesting a certified copy of the promissory note. Am. Compl. ¶ 25. He alleges that on April 17, 2014, JPMC responded "with a copy of the promissory note payable to NAMCO with no endorsements." *Id.* ¶ 27.

On October 9, 2014, defendant sent plaintiff a letter that identified JPMC as the servicer of plaintiff's mortgage and stated that his loan had been referred to defendant for foreclosure based upon a default in plaintiff's mortgage payments totaling $368,467.16. *Id.* ¶¶ 28–29. Plaintiff alleges that as of that date, JPMC had not yet appointed defendant as the substitute trustee, and that JPMC only appointed defendant as the substitute trustee on October 17, 2014. *Id.* ¶¶ 30–31. Thus, plaintiff contends that defendant had no rights to exercise against the property on October 9, 2014, when defendant sent plaintiff the letter. *Id.* ¶¶ 31–32. He further contends that JPMC's appointment of defendant as the substitute trustee on October 17, 2014 was invalid because "JPMC was not the assignee of the Deed of Trust nor the payee of the promissory note" and therefore "JPMC had no legal authority to appoint [defendant] the trustee" to the deed of trust. *Id.* ¶¶ 34–

---

2   The Court may take notice of the opinion in the related case for the purposes of resolving defendant's motion to dismiss. See *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (stating that, in deciding a motion to dismiss, a court may take "judicial notice of facts on the public record" by "consult[ing] the relevant opinions" in prior cases), quoting *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1228 (D.C. Cir. 1993).

37. Thus, plaintiff contends that defendant "is not the trustee to the subject deed of trust and is without any legal right to conduct a foreclosure" against the property. *Id.* ¶ 38.

Plaintiff initiated this action on April 7, 2015, before the Superior Court of the District of Columbia, and defendant removed the action to this Court on April 27, 2015. Notice of Removal [Dkt. # 1]. Plaintiff filed an amended complaint on June 17, 2015, alleging in Count I that "Defendant violated 15 U.S.C. § 1692" by:

> a. Misrepresenting that it was duly appointed substitute trustee by an authorized party to the deed of trust or promissory note;
>
> b. Falsely representing the legal status of the debt as being in foreclosure;
>
> c. Falsely representing the amount of the debt owed to JPMC;
>
> d. Failing to validate the debt pursuant to Plaintiff's specific dispute and request for verification; and
>
> e. Threatening to dispose of the Property at a foreclosure sale.

Am. Compl. ¶ 46. In Count II, plaintiff also brings a claim on behalf of a class of property-owning residents of the District of Columbia, contending that "Defendant violated 15 U.S.C. § 1692 by misrepresenting it had rights against [his] and Class members' properties in its debt collection attempts," and by "misrepresenting that it could begin foreclosure on [his] and Class members' properties," "before it was appointed the substitute trustee." *Id.* ¶¶ 39, 50–51.

On July 1, 2015, defendant moved to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Def.'s Mem. at 1. Plaintiff opposed the motion on July 20, 2015, Pl.'s Opp. to Def.'s Mot. [Dkt. # 12] ("Pl.'s Opp."), and defendant filed a reply on July 27, 2015. Reply Mem. in Supp. of Def.'s Mot. [Dkt. # 13] ("Def.'s Reply"). With leave of Court, *see* Min. Order (Aug. 12, 2015), plaintiff filed a surreply on August 19, 2015. Pl.'s Surreply to Def.'s Reply [Dkt. # 15] ("Pl.'s Surreply").

**STANDARD OF REVIEW**

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

**I.     Subject Matter Jurisdiction**

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint."

*Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II.     Failure to State a Claim

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, citing *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, quoting *Twombly*, 550 U.S. at 556. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

## ANALYSIS

**I.     To the extent that plaintiff seeks to use his FDCPA claims to attack JPMC's authority to appoint defendant as the substitute trustee or to challenge any future foreclosure against his property, he lacks standing to do so.**

"To state a case or controversy under Article III, a plaintiff must establish standing." *Arizona Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1442 (2011), citing *Allen v. Wright*,

468 U.S. 737, 751 (1984); *see also Lujan*, 504 U.S. at 560.  Standing is a necessary predicate to any exercise of federal jurisdiction, and if it is lacking, then the dispute is not a proper case or controversy under Article III, and federal courts have no subject-matter jurisdiction to decide the case.  *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012).

Defendant contends that "Plaintiff is not a party to the mortgage assignment between his originating lender and his current lender with standing to challenge the validity of such assignment," and further, it asserts that plaintiff "lacks standing to challenge his lender's right to foreclose on his real property because foreclosure has neither taken place nor is currently pending against the property."  Def.'s Mem. at 2.  Plaintiff responds that there is no allegation in the amended complaint challenging an assignment, and that he is alleging instead that "the Note has not been endorsed to the Defendant's principal," and therefore, "Defendant has no rights in the Deed of Trust."  Pl.'s Opp. at 4, citing Am. Compl. ¶¶ 13–16, 27, 32–33, 38.  In other words, plaintiff contends that JPMC was not the proper assignee of the deed of trust or the payee of the promissory note and it therefore lacked the authority to appoint defendant as substitute trustee.

But an individual who is not a party to, or an intended beneficiary of, an assignment agreement lacks standing to challenge the validity of the assignment.  *See, e.g.*, *Taylor v. Wells Fargo, N.A.*, 85 F. Supp. 3d 63, 71 (D.D.C. 2015) ("Plaintiff does not have standing to challenge the validity of any assignment of the Note and Deed of Trust because Plaintiff has not pled any facts showing that he is 'a party to, or an intended beneficiary of, the assignment agreement.'"), quoting *Jessup v. Progressive Funding*, 35 F. Supp. 3d 25, 35 (D.D.C. 2014) (holding that the plaintiff did not have standing to challenge assignment of loan since she was not a party to the assignment); *Bank of New York Mellon Trust Co. N.A. v. Henderson*, No. CV 14-747, 2015 WL 3484990, at *2 (D.D.C. May 28, 2015) ("Because defendant has not alleged that he is either a party

7

to, or an intended beneficiary of, the assignment of the Note and Deed of Trust, he does not have standing to attack the assignment."). As another judge in this District recently explained, the rationale for such a rule in this context is a sound one:

> [F]inding that defendant lacks standing to attack the assignment [where he was not party to the assignment] makes good sense: the assignment does not affect defendant's rights or obligations at all. Regardless of whether the Note and Deed of Trust were properly assigned, defendant was still required to make timely payments on his mortgage and, by the plain terms of the Note and Deed of Trust, he is subject to foreclosure upon default.

*Henderson*, 2015 WL 3484990, at *2.

This general principal of law has been applied specifically in the FDCPA context, and it demonstrates why plaintiff lacks standing here. In *Clark v. Lender Processing Services, Inc.*, 949 F. Supp. 2d 763 (N.D. Ohio 2013), *aff'd sub nom. Clark v. Lender Processing Services*, 562 F. App'x 460 (6th Cir. 2014), the plaintiffs' mortgages were assigned from the originating banks to other banks, and were eventually foreclosed upon by the defendants, a group of loan processing companies and law firms. *Id.* at 767–68. The plaintiffs alleged that the defendants had violated the FDCPA by fabricating mortgage assignments, fraudulently endorsing affidavits, and backdating mortgage transfers, in order to initiate foreclosure actions on behalf of trusts that otherwise lacked standing to foreclose. *Id.* The defendants countered that the plaintiffs "lack[ed] standing to assert any claim under the FDCPA . . . based on allegedly faulty assignments of the notes and mortgages . . . because [the plaintiffs] are not parties to the agreements." *Id.* at 770.

The court agreed with the defendants that "even if there were a flaw in the assignment, [a plaintiff] does not have standing to raise that flaw to challenge [the] chain of title," because "[a] litigant who is not a party to an assignment lacks standing to challenge that assignment." *Id.* at 771, quoting *Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010). It thus found that because the plaintiffs "lack[ed] standing to

challenge the allegedly faulty assignments relating to the mortgages," they therefore also "lack[ed] standing to assert any claim under the FDCPA." *Id.*

Like the plaintiffs in *Clark*, plaintiff bases his FDCPA claims here, at least in part, on his contention that the transfer of his mortgage debt from his original lender to JPMC was flawed. Specifically, he contends that JPMC failed to produce evidence showing that it was the "holder" of the promissory note executed in exchange for the loan. Am. Compl. ¶¶ 6, 12–19, 25–27. Without being the holder, plaintiff argues, JPMC "had no legal authority to appoint [defendant] the trustee," *id.* ¶ 37, and defendant therefore "has no rights in the Deed of Trust." Pl.'s Opp. at 4. This contention – that the transfer of interest to JPMC was flawed and that JPMC therefore could not appoint defendant as substitute trustee – is at the heart of plaintiff's first FDCPA claim: that defendant "[m]isrepresent[ed] that it was duly appointed trustee by an authorized party to the deed of trust or promissory note." Am. Compl. ¶ 46(a). But plaintiff does not allege that he was party to, or the beneficiary of, any assignment to JPMC of the interest in his property. Therefore, to the extent that his first FDCPA claim is premised on the notion that the transfer of interest to JPMC was flawed, plaintiff lacks standing to assert it, as he has not alleged that he was a party to, or beneficiary of, any assignment of interest between those parties.[3]

---

3 Plaintiff relies on *Clarke v. Dunn*, No. CIV.A. DKC 13-2330, 2014 WL 4388344 (D. Md. Sept. 4, 2014), for the proposition that he has standing to challenge defendant's appointment as substitute trustee. *See* Pl.'s Opp. at 4–5. In that case, the counter-plaintiffs asserted that the substitute trustees violated the FDCPA by "attempt[ing] to collect on their debt by foreclosing on their Property using false pretenses." *Clarke*, 2014 WL 4388344, at *3. But the standing issue was not discussed, and in any event, that case is distinguishable because the counter-plaintiffs had alleged that the trustees "*knew* they were not legally authorized agents, implying that their actions were fraudulent." *Id.* at *5 (internal citations omitted). The amended complaint in this case contains no such allegation, and as discussed below, plaintiff otherwise entirely fails to state a claim under the FDCPA. Thus, *Clarke* is not dispositive of the Court's analysis here.

Similarly, plaintiff is without standing to assert his claim that defendant violated the FDCPA by "[f]alsely representing the amount of the debt owed to JPMC." *Id.* ¶ 46(c). This allegation, as plaintiff himself acknowledges, is based on plaintiff's claim "that he does not owe [JPMC] any amount because [JPMC] is not the holder of the Note." Pl.'s Opp. at 13. At bottom, this is simply another attempt by plaintiff to challenge the validity of the transfer of interest to JPMC, which plaintiff cannot do because he was not a party to the assignment.

The same is true of plaintiff's claim that defendant violated the FDCPA by "[f]alsely representing the legal status of the debt as being in foreclosure," and "[t]hreatening to dispose of the Property at a foreclosure sale." Am. Compl. ¶ 46(b), (e). Plaintiff does not deny that his mortgage was in default, and in fact, he affirmatively acknowledges that he refused to make payments to JPMC beginning in 2009. *See id.* ¶¶ 9–19, 25–27 (stating that plaintiff would only agree to make mortgage payments to JPMC "on the condition that JPMC established that it was the 'holder' of the note," and alleging that JPMC failed to do so). Instead, his claims relating to the impropriety of defendant's communications regarding a potential foreclosure are based on the same allegations that JPMC lacks the authority to enforce the promissory note "because it was not the 'holder' of the promissory note," and that defendant lacks the authority to foreclose because it "is not the trustee to the subject deed of trust and is without any legal right to conduct a foreclosure." *Id.* ¶¶ 16, 38. Therefore, insofar as these aspects of plaintiff's FDCPA claim are contingent upon plaintiff's allegation that the transfer of interest in his mortgage loan was faulty, he is without standing to assert them.

Finally, to the extent that plaintiff is attempting through this lawsuit to block any future foreclosure efforts by defendant or JPMC, he lacks standing to do so. That is because a borrower's allegation that a lender "commenced or authorized the commencement of foreclosure proceedings

where payments have not been made or received . . . does not indicate an actual or imminent, rather than a conjectural or hypothetical, injury." *Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 85 (2d Cir. 2014) (internal citation and quotation marks omitted). In other words, an attempted or threatened foreclosure, as opposed to an actual, realized foreclosure, cannot create the injury-in-fact required to generate constitutional standing. *See, e.g.*, *Taylor*, 85 F. Supp. 3d at 70 n.2 ("It is unclear whether Plaintiff even has standing *himself* . . . because Plaintiff appears primarily to be alleging that Defendants 'attempted' to foreclose on his property, not that Plaintiff's Property has been foreclosed or is even in the process of being foreclosed."), citing *Rajamin*, 757 F.3d at 85. Plaintiff has not alleged anywhere in the amended complaint that his property is the subject of ongoing or completed foreclosure proceedings; rather, as he recognizes, the only foreclosure action identified as having been taken against his property was terminated. *Id.* ¶ 21. Thus, to the extent plaintiff seeks to use the FDCPA to attack the ability of JPMC and defendant to foreclose on his property in the future, he cannot do so here.[4]

---

4   In his opposition to defendant's motion, plaintiff contends that the FDCPA itself, by creating a statutory right to be free from harassing debt collection practices, invests him with standing to bring his claims. Pl.'s Opp. at 2–3. As a general matter, plaintiff is correct that "[t]he . . . injury required by Art[icle] III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing,'" *Lujan*, 504 U.S. at 578, quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975). But the thrust of the majority of plaintiff's allegations is not an FDCPA violation by defendants, but a challenge to JPMC's authority to appoint defendant as the substitute trustee, and to foreclose on plaintiff's property without being the holder of the promissory note. As discussed, he lacks standing to bring these claims.

To the extent that plaintiff has articulated an actual FDCPA violation, as discussed below, he may indeed have standing to bring this suit to vindicate his statutory rights. *See, e.g.*, *Molina v. FDIC*, 870 F. Supp. 2d 123, 132 (D.D.C. 2012) ("For claims under the FDCPA, a plaintiff is not required to show actual damages, but he must at least allege that the defendant made an unlawful attempt to recover his debt."), citing *Muldrow v. EMC Mortg. Corp.*, 766 F. Supp. 2d 230, 235 & n.1 (D.D.C. 2011). But because the Court finds that plaintiff has failed to state a plausible claim upon which relief can be granted, dismissal is still warranted.

**II.    The Court will dismiss Count I, plaintiff's individual FDCPA claim, pursuant to Rule 12(b)(6).**

Even assuming plaintiff has standing to bring his claims, he still fails to state a plausible claim under the FDCPA, and dismissal is warranted pursuant to Rule 12(b)(6).

**A.    Plaintiff does not indicate upon which provision of the FDCPA he bases his individual and class claims.**

In the amended complaint, plaintiff did not identify the specific provision of the FDCPA that underlies his individual and class claims against defendant. And even after defendant moved to dismiss on this basis, *see* Def.'s Mot. at 15–16, plaintiff failed to address that omission in his opposition. Instead, in both pleadings, he cites generally to the statute at large. *See, e.g.*, Am. Compl. ¶ 1 ("This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*"); Pl.'s Opp. at 5 ("Plaintiff has sufficiently alleged the Defendant violated the FDCPA when it misrepresented that it was a lawful substitute trustee during its attempts to collect on the debt."). He alleges that "Defendant violated 15 U.S.C. § 1692" in several ways, Am. Compl. ¶¶ 46, 50–51, but that particular provision is the FDCPA's statement of Congressional findings and declaration of purpose, and it does not provide for a cause of action. *See* 15 U.S.C. § 1692.

While it does not appear that courts in this Circuit have addressed whether a plaintiff is required to identify a specific provision of the FDCPA in order to state a viable claim, other courts have dismissed complaints for failure to do so. *See, e.g.*, *Birdette v. Capitol One Bank (USA), N.A.*, No. 12-11640-F, 2012 WL 8319317, at *1 (11th Cir. July 25, 2012) (finding that the plaintiff "failed to allege any facts to support a claim that the defendants violated the provisions of the FDCPA" and affirming dismissal of FDCPA claim where, "although [the plaintiff] asserted that the defendants engaged in unlawful debt practices, the complaint failed to identify which specific

provisions or subsections of the FDCPA formed the basis for his allegations"); *cf. Conboy v. AT&T Corp.*, 241 F.3d 242, 257 (2d Cir. 2001) (finding that the plaintiffs failed to state a claim under 15 U.S.C. § 1692e(11), and rejecting argument that the plaintiffs' FDCPA claim should nevertheless survive because they alleged that the defendant "violated 'the FDCPA in general,'" where the plaintiffs otherwise failed to "point to any specific substantive provision of the FDCPA").[5]

The situation before the Court is similar to the facing the Eleventh Circuit in *Birdette*:

> Here, [the plaintiff's] complaint consisted of broad, conclusory statements alleging that the defendants violated the FDCPA for allegedly attempting to collect a debt that [the plaintiff] claimed that he did not owe, and was not obligated to pay. It contained little factual detail, save for his assertion that he did not have an account with the defendants. Further, although [the plaintiff] asserted that the defendants engaged in unlawful debt practices, *the complaint failed to identify which specific provisions or subsections of the FDCPA formed the basis for his allegations*. As a result, [the plaintiff] failed to allege any facts to support a claim that the defendants violated the provisions of the FDCPA.

2012 WL 8319317, at *1 (emphasis added). Like the plaintiff in *Birdette*, plaintiff here "failed to identify which specific provisions or subsections of the FDCPA formed the basis for his allegations." *Id.* Thus, the Court finds that plaintiff has not stated a plausible claim, and it could dismiss the amended complaint on that ground alone.

---

5   *See also, e.g.*, *Kantz v. Rubin Lublin, PLLC*, No. 3:14-01113, 2015 WL 1543531, at *25 (M.D. Tenn. Apr. 6, 2015) (granting motion to dismiss FDCPA claim because the plaintiff "fails to specify which provision of the FDCPA [the defendant] allegedly violated"); *Koolen v. Mortg. Elec. Registration Sys., Inc.*, No. 10-050S, 2010 WL 2926567, at *2 (D.R.I. June 29, 2010) (dismissing FDCPA claim as "simply too vague and conclusory to state a viable claim" where the plaintiff "fails to specify which provisions of the FDCPA were violated by [the defendant] and how"), report and recommendation adopted, No. 10-50 S, 2010 WL 2926571 (D.R.I. July 22, 2010); *Holbrook v. Aurora Loan Servs. LLC*, No. 2:09-CV-05682-CAS-AGRx, 2010 WL 986794, at *5 (C.D. Cal. Mar. 15, 2010) (dismissing FDCPA claim with prejudice because "critically, plaintiff fails to specify any particular provision of the FDCPA that defendants violated"); *Harrington v. Home Capital Funding, Inc.*, No. 08CV1579 BTM(RBB), 2009 WL 514254, at *4 (S.D. Cal. Mar. 2, 2009) (dismissing FDCPA claim, in part because the plaintiff "generally alleges the FDCPA was violated without specifying what provision of the FDCPA was violated and what each Defendant did to violate it").

### B. Even construing the complaint liberally, plaintiff fails to state a claim under section 1692e of the FDCPA.

Although plaintiff failed to specify an FDCPA provision in his amended complaint or in his opposition, he finally did identify one in his surreply. *See* Pl.'s Surreply at 1 ("Pursuant to 15 U.S.C. § 1692e, a debt collector may not 'use any false, deceptive, or misleading representation or means in connection with the collection of any debt.'"). A court "generally refuses to entertain arguments raised for the first time in [a] reply brief," *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992), and a surreply is normally "limited to addressing only new arguments raised for the first time by the opposing party in their reply briefing and not included in the original motion." *Marbury Law Grp., PLLC v. Carl*, 729 F. Supp. 2d 78, 82 (D.D.C. 2010), citing *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001). Thus, the Court could find that plaintiff's "attempt to advance this argument for the first time in [his] Surreply is therefore inappropriate and need not be considered." *See Saunders v. District of Columbia*, 711 F. Supp. 2d 42, 63 (D.D.C. 2010), citing *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276–77 (D.D.C. 2002).

But even if the Court were to construe the amended complaint generously and infer that plaintiff seeks to allege a violation of section 1692e, the Court still finds that he has still failed to state a plausible claim for a violation of the FDCPA. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The only allegations in the amended complaint regarding representations made by defendant – as opposed to JPMC – are as follows:

> On October 9, 2014 [defendant] sent [plaintiff] correspondence threatening to foreclose. In its letter [defendant] asserted the loan had been referred to it for foreclosure based upon a default on his mortgage payments and that "[defendant] is . . . exercising its rights against the property . . .". While [defendant] identified Fannie Mae as the creditor and JPMC as the servicer,

14

> it was silent on who was the "holder" of the Note. [Defendant] further announced that [plaintiff] owed $368,467.16 and with interest, late charges, and other fees the amount may increase. Continuing, [defendant] implied payment should be made to it and that [defendant] would deposit the payment for collection.

Am. Compl. ¶¶ 28–29. Based on this letter, plaintiff asserts that defendant violated the FDCPA in five ways:

> a. Misrepresenting that it was duly appointed substitute trustee by an authorized party to the deed of trust or promissory note;
>
> b. Falsely representing the legal status of the debt as being in foreclosure;
>
> c. Falsely representing the amount of the debt owed to JPMC;
>
> d. Failing to validate the debt pursuant to Plaintiff's specific dispute and request for verification; and
>
> e. Threatening to dispose of the Property at a foreclosure sale.

*Id.* ¶ 46.

But a review of the letter sent by defendant to plaintiff, attached as an exhibit to defendant's motion to dismiss, *see* Ex. K to Def.'s Mot. [Dkt. # 10-12] ("Collection Letter"),[6] shows that many of these alleged misrepresentations are entirely absent from the correspondence at issue. The Collection Letter does not state that defendant "was appointed duly appointed substitute trustee," *see* Am. Compl. ¶ 46(a); rather, it states only that defendant "is a debt collector." Collection Letter at ECF 2. And it does not represent "the legal status of the [mortgage] as being in foreclosure," or "[t]hreaten[] to dispose of the Property at a foreclosure sale," as plaintiff contends. *See* Am.

---

6   Because plaintiff incorporates the Collection Letter by reference in his complaint, Am. Compl. ¶¶ 28–29, the Court may properly consider it in ruling on defendant's motion to dismiss. *See Gustave-Schmidt*, 226 F. Supp. 2d at 196 ("In deciding whether to dismiss a claim under Rule 12(b)(6), the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."), citing *St. Francis Xavier*, 117 F.3d at 624–25.

Compl. ¶ 46(b), (e). Rather, the Collection Letter states only that "[t]he loan has been referred for foreclosure," and it informs plaintiff that he "may still have foreclosure prevention alternatives available" that would allow him to stay in his home or avoid foreclosure entirely. Collection Letter at ECF 2, 6.

Where, as here, the complaint's factual allegations are contradicted by exhibits incorporated by reference in the complaint and of which the Court may take judicial notice, the Court need no longer accept as true plaintiff's version of events. *See, e.g., Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice."), citing *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Thus, because the Collection Letter contradicts plaintiff's assertions of misrepresentations relating to defendant's role as substitute trustee or the foreclosure status of his property, the Court finds that plaintiff has failed to plausibly allege that defendant engaged in false, deceptive, or misleading representations in violation of the FDCPA based on the conduct set forth in paragraphs 46(a), 46(b), and 46(e) of the amended complaint.

In paragraph 46(c) of the amended complaint, plaintiff claims that defendant violated the FDCPA by "[f]alsley representing the amount of the debt owed to JPMC," Am. Compl. ¶ 46(c), when it stated in the Collection Letter that plaintiff owed a debt of $368,467.16. *Id.* ¶ 29; *see also* Collection Letter at ECF 2. Plaintiff does not dispute the amount of this debt or the accuracy of defendant's calculation of that number. Rather, as plaintiff himself puts it, his claim that this statement was false is based entirely on his belief that he "had no legal obligation to pay [JPMC] because [JPMC] was not entitled to enforce the promissory note." Am. Compl. ¶ 17; *see also* Pl.'s Opp. at 13 ("[Plaintiff] does not owe [JPMC] any amount because [JPMC] is not the holder of the Note.").

16

But "in the District of Columbia, a foreclosing entity need not be the holder of the Note in order to have standing to foreclose on the related property." *Taylor*, 85 F. Supp. 3d at 70 (D.D.C. 2015), citing *Duffy v. Bank of Am., N.A.*, 13 F. Supp. 3d 57, 61 (D.D.C. 2014) ("[Plaintiff] is incorrect that District of Columbia law requires a foreclosing institution to be the holder of the underlying Note."), and *Diaby v. Bierman*, 795 F. Supp. 2d 108, 113 (D.D.C. 2011) (holding that "whether or not defendants are holders of the note is not dispositive as to whether they have standing to foreclose on the property"). "The District of Columbia is a non-judicial foreclosure jurisdiction, which 'allows foreclosure pursuant to a power of sale provision contained in any deed of trust.'" *Id.*, quoting *Carter v. Bank of Am., N.A.*, 888 F. Supp. 2d 1, 14 (D.D.C. 2012).

In *Taylor*, the court found that "the Deed of Trust clearly provides the Trustee with 'power of sale,'" and it determined that the plaintiff's "allegation that Defendants do not hold the Note is irrelevant to whether Defendants can foreclose on Plaintiff's property." *Id.* The same is true of the deed of trust in this case, which states that "Borrower irrevocably grants and conveys to Trustee, in trust, *with power of sale*," the property at issue. Ex. B to Def.'s Mot. [Dkt. # 10-3] at 4. Thus, plaintiff's assertion that "he does not owe [JPMC] any amount because [JPMC] is not the holder of the Note," Pl.'s Opp. at 13, is without merit. And it follows that plaintiff's claim that defendant violated the FDCPA by "[f]alsely representing the amount of the debt owed to JPMC," Am. Compl. ¶ 46(c) – which is entirely contingent, by his own admission, on his claim that he owes JPMC nothing because it does not hold the promissory note, *see* Pl.'s Opp. at 13 – also fails.

Finally, the Court finds that plaintiff has failed to state a claim with regard to the conduct identified in paragraph 46(d) of the amended complaint. Plaintiff alleges that defendant violated the FDCPA when it "fail[ed] to validate the debt pursuant to Plaintiff's specific dispute and request for verification." Am. Compl. ¶ 46. Section 1692g of the FDCPA – which plaintiff does not cite

in his amended complaint or any of his pleadings – does require a debt collector, upon receipt of a notice of dispute of the debt from the consumer, to cease collection activities until the debt can be verified. 15 U.S.C. § 1692g(a)–(b). But plaintiff does not allege that he ever sent a notice to defendant, let alone that it failed to respond to any proper notice in violation of that provision.[7] This is fatal to his FDCPA claim, as recognized in *Birdette*:

> [The] complaint simply references a letter that [the defendant] sent him, seeking to collect an outstanding balance of $3,520.33. However, the FDCPA, does not make it unlawful for a debt collector to seek to recover a debt that it does not know is disputed. *See* 15 U.S.C. § 1692g(b) (stating that, if a consumer notifies the debt collector in writing, within 30 days after receipt of an initial notice of debt, that the debt is disputed, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt)". Here, [the plaintiff] failed to show that he notified the defendants that he disputed the existence and amount of the debt at issue in this case.

2012 WL 8319317, at *1. Thus, the Court finds that plaintiff has failed to state a cognizable FDCPA claim based on the allegation contained in paragraph 46(d) of the complaint.

For those reasons, the Court finds that plaintiff has failed to state a claim under any provision of the FDCPA, and defendant's motion to dismiss Count I will be granted in its entirety.

### III. Plaintiff's class claim in Count II of the amended complaint will also be dismissed.

The Court will also dismiss plaintiff's class claim in Count II of the amended complaint. Since plaintiff himself has failed to state a viable claim against defendant, he cannot act as the class representative or "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *see also Brewer v. Holder*, 20 F. Supp. 3d 4, 19 (D.D.C. 2013) (finding that, because class representative's claims "are not viable as a matter of law, she is not an adequate

---

7    Plaintiff does state that he asked JPMC to establish that it was the holder of the promissory note, and that JPMC failed to do so, Am. Compl. ¶¶ 12, 14, 25–27, but these allegations have absolutely no bearing on *defendant's* liability under the FDCPA.

18

representative of a class," and dismissing the class claims), citing *E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (holding that a plaintiff whose individual claims had failed was not an adequate representative of class claims).[8] Furthermore, as noted above, the purported class claims fail to specify any particular provision of the FDCPA that was allegedly violated. *See* Am. Compl. ¶¶ 50–51 ("Defendant violated 15 U.S.C. § 1692 . . . ."). For those reasons, the Court will grant defendant's motion to dismiss Count II, plaintiff's class claims under the FDCPA.

## CONCLUSION

Because the Court finds that plaintiff lacks standing to challenge an assignment to which he was not party or a foreclosure that has not taken place, and because plaintiff has failed to state a plausible claim for relief under the FDCPA, the Court will grant defendant's motion to dismiss Count I, plaintiff's individual FDCPA claim. Under those circumstances, the class claim in Count II will also be dismissed.

A separate order will issue.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: November 5, 2015

---

[8] Defendant raised this argument in its motion to dismiss, Def.'s Mem. at 17–18, and plaintiff failed to oppose it. Thus, the Court may treat it as conceded. *See, e.g.*, *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 Fed. App'x 8 (D.C. Cir. 2004); see also *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997) (treating argument as conceded where the plaintiff failed to oppose argument raised by the defendant).